## ALFRED HACKETT *vs.* ALONZO P. B. KING.

If it is in controversy whether a release of personal property has been obtained through duress, by means of an arrest under a complaint and warrant upon a criminal charge, the declarations of the person arrested, prior to the making of the complaint, are competent evidence against him, for the purpose of showing probable cause for the charge.

Exceptions will not be sustained which simply show that incompetent declarations were admitted in evidence, without showing what the declarations were.

Evidence is admissible to show that a person has for several years been living at a rate of expenditure far beyond his apparent means, as tending to confirm other evidence of dishonesty in appropriating the property of his employer.

TORT for the conversion of a promissory note, horse and other property, of the value of $500. The defendant claimed title to the property under a release or bill of sale from the plaintiff; to which the plaintiff replied that the release was obtained from him through duress and fraud, by means of arrests under three complaints and warrants charging him with larceny of money of the defendant, who was his employer.

At the second trial in the superior court, before *Rockwell,* J., after the decision reported in 6 *Allen,* 58, the defendant was called as a witness in his own behalf, and was allowed to testify, under objection, to conversations between himself and the plaintiff, prior to the making of the complaints, as to acts done tending to show probable cause for making the complaints. The defendant's counsel then asked him what he stated to the city marshal, at the time of making the complaints against the plaintiff. This question was objected to, but the judge allowed the statements of the defendant in reference to the suspected larceny, made in the absence of the plaintiff, to be given in evidence as tending to prove probable cause. The defendant was then allowed, against the plaintiff's objection, to prove the plaintiff's habits of living and expenditures for four years while he was in the defendant's employment, as tending to prove that he would not be likely to have had so much as $500, if he had obtained it honestly. Other questions also arose in the case, which became immaterial.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

Hackett *v.* King.

*R. B. Caverly & A. R. Brown,* for the plaintiff.

*D. S. Richardson & G. F. Richardson,* for the defendant.

By the Court. Most of the questions raised by this bill of exceptions were decided when the case was before us at an earlier stage. *Hackett* v. *King,* 6 Allen, 58. The only points now argued, which are not disposed of by the decision then made, or which are not rendered immaterial by the verdict, are these.

1. The defendant was permitted, against the plaintiff's objection, to state conversations which he had with the plaintiff, prior to the complaints, relating to acts done tending to show probable cause for the complaints. The nature of the proof is clearly unobjectionable, being the plaintiff's own statement of the facts ;. and the fact of probable cause for the complaints has an important bearing upon one of the principal issues made to the jury, namely, whether the prosecution was instituted in good faith, or as a means of compelling the payment of the defendant's demand.

2. The defendant was also permitted to state what he told the city marshal when he complained to him against Hackett. This was certainly not competent evidence of the truth of anything which the statement contained. Whether it would not be admissible as showing that the marshal had good cause to obtain the warrants, and that the defendant made a fair and full statement of the facts as they were known to him, would certainly deserve consideration. But the exceptions do not show what the statements were which the defendant gave in evidence, nor that they were such as, whether admissible or not, would affect the case in any manner unfavorably to the plaintiff. There is therefore no sufficient ground for disturbing the verdict upon this point. *Burghardt* v. *Van Deusen,* 4 Allen, 374.

3. The admission of evidence that the plaintiff was living at a rate of expenditure far beyond his apparent means, as tending to confirm evidence of dishonesty in appropriating the property of his employer, is sanctioned by the case of *Boston & Worcester Railroad* v. *Dana,* 1 Gray, 83.

*Exceptions overruled.*